IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23–CR–10 |
| vs. | ORDER |
| LUIS PEREZ, | |
| Defendant. | |

This matter is before the Court on the matter of the defendant's Motion to Release Bond Obligation. Filing 200. On March 12, 2025, the Court sentenced the defendant to a term of 87 months in prison, three years of supervised release, a $10,000 fine, and a $100 special assessment. Filing 196 (Text Entry). The defendant was allowed pretrial release in the Southern District of Texas, Filing 11-4, and a $10,000 bond was posted by Ms. Alexandria Mills on the defendant's behalf. *United States v. Perez*, 4:23MJ342 (S.D. Tex. Feb. 22, 2023). A petition was filed to revoke the defendant's pretrial release after he was arrested in the State of Texas on theft charges, Filing 187, but the Petition was dismissed at sentencing on the Government's Motion.

Federal Rule of Criminal Procedure 46(g) provides in relevant part, "The court must . . . release any bail when a bond condition has been satisfied or when the court has set aside or remitted the forfeiture." The court must exonerate a surety who deposits cash in the amount of the bond or timely surrenders the defendant into custody." Fed. R. Crim. P. 46(g); *see also United States v. Hoffman*, No. 04-CR-1040, 2007 WL 1052435 (S.D.N.Y. Apr. 5, 2007) (granting defendant's Motion to Exonerate Bond under Fed. R. Crim. P. 46(g)). As the Government stated, the defendant's "Petition for Action on Conditions of Release has been dismissed. No law violation was proven. Therefore, there is no allegation that defendant did not satisfy his bond conditions." Filing 198 at 3.

1

At the sentencing hearing, the Court indicated that it would consider applying the $10,000 bond payment toward the defendant's $10,000 fine. Even though the defendant's alleged violation of his bond conditions was not adjudicated, this bond money could be applied toward the defendant's fine. *See* 28 U.S.C. § 2044 ("On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant."). But the Government does not move for disposition under this statute and instead requests that the Court "return the bond money to Alexandria Mills because she executed an affidavit declaring the bond money belonged to her." Filing 198. Absent a Motion from the Government, the Court will permit the bond money to be released to Ms. Mills. Accordingly,

IT IS ORDERED:

1. The defendant's Motion to Release Bond Obligation, Filing 200, is granted;
2. The defendant's bond is exonerated;
3. The Clerk of the District Court shall disburse the bond money to Alexandria Mills; and
4. The defendant shall provide the designee's contact information and banking information by email to Finance.

Dated this 18th day of March, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge